J-S06015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KEITH BREWINGTON :
:
Appellant : No. 219 EDA 2017

Appeal from the PCRA Order August 9, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0503022-1989

BEFORE: BOWES, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.: **FILED AUGUST 17, 2018**

Keith Brewington appeals from the order denying, as untimely, his fourth PCRA petition. We affirm.

We previously set forth the facts in our decision affirming judgment of sentence on direct appeal:

> On the night of March 11, 1989, Appellant was instructed by Melvin Troy Williams (Williams), his "employer," to call Melvin "Daddyo" Williams (the victim) at his home and inform him that Appellant would drive to his house and pick him up. Williams believed that the victim had helped a rival gang kill "Taboo", who was a member of Williams' gang. Evidence presented by the Commonwealth established that Appellant and Williams were allegedly involved in an illegal drug business where a hierarchy is in place and orders get handed down from the top. In accordance with this chain of command, Appellant asked Christopher Brown (Brown) to place the call. Appellant and Brown then picked up the victim and took him to a predetermined spot where Michael Black, Keith Washington, and Elliot Moore (the co-defendants) awaited his arrival. At this spot, the victim was killed in the front seat of the car by the co-defendants' shower of gunfire.

*Commonwealth v. Brewington*, 740 A.2d 247, 250–51 (Pa.Super. 1999) (citations to transcript omitted), *appeal denied*, 758 A.2d 660 (Pa. 2000).[1] Appellant was eighteen when he committed these crimes.

Appellant thereafter filed a timely *pro se* PCRA petition. Appointed counsel filed an amended petition, which the PCRA court ultimately dismissed without a hearing, and we affirmed. *Commonwealth v. Brewington*, 852 A.2d 1244 (Pa.Super. 2004). His second and third PCRA petitions were both untimely, and we affirmed the dismissals of both on appeal. *Commonwealth v. Brewington*, 907 A.2d 1129 (Pa.Super. 2006) (second petition); *Commonwealth v. Brewington*, 953 A.2d 594 (Pa.Super. 2008) (third petition).

This litigation concerns Appellant's fourth attempt to secure PCRA relief. We note that it is unclear exactly how many petitions are at issue in this appeal. Following our denial of Appellant's third PCRA petition, the docket reflects that a motion was filed on October 6, 2011, with a notation stating "[Appellant]'s Motion for 'Fraud' treated as a petition for post-conviction relief." That document is not contained in the certified record.

The next entry in the docket is August 10, 2012, which is in the certified record and is a *pro se* PCRA petition seeking to raise *Miller v. Alabama*, 567 U.S. 460 (2012), decided June 15, 2012. *Miller* held that

---

[1] Appellant was convicted of first-degree murder and criminal conspiracy.

imposing a mandatory sentence of life imprisonment without the possibility of parole for offenders who were under eighteen at the time of their crimes violates the United States Constitution. Appellant recognized that the petition was untimely, but asserted that *Miller* qualified as an exception to the PCRA's one-year time bar, and noted that his petition was filed within sixty days of *Miller*. *See* 42 Pa.C.S. § 9545(b)(2) (any petition invoking an exception must be filed within sixty days of date it could have been presented). No immediate action was taken on this petition.

On March 23, 2016, Appellant filed another *pro se* PCRA petition, also seeking to raise *Miller*. Appellant noted that, on January 25, 2016, the United States Supreme Court decided *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), which held that States were required to grant retroactive effect to *Miller*. Thus, this petition was also filed within sixty days as required.

The PCRA court issued a notice of intent to dismiss, which stated that "Your petition, filed on May 9, 2011 was . . . untimely[.]" Notice, 6/1/16.[2] Appellant filed a response in which he asserted, "[Appellant] can show and prove that [f]raud was perpetrated . . . in order to get a [t]ainted [c]onviction[.]" Response, 8/9/16, at 2. The PCRA court dismissed the petition the same day it received the response.

_____

[2] The PCRA court opinion states, "On October 6, 2011, Petitioner filed the instant *pro se* PCRA petition, his fourth." Opinion, 1/5/17, at 2. The October petition was, as previously noted, captioned as a "motion for fraud."

- 3 -

Appellant filed a notice of appeal, docketed September 12, 2016, which is four days after the expiration of the applicable thirty-day period. The Commonwealth states that this appeal must be quashed. We decline to do so. As our Supreme Court has stated:

> The *pro se* prisoner's state of incarceration prohibits him from directly filing an appeal with the appellate court and prohibits any monitoring of the filing process. Therefore, we now hold that in the interest of fairness, a *pro se* prisoner's appeal shall be deemed to be filed on the date that he delivers the appeal to prison authorities and/or places his notice of appeal in the institutional mailbox.

***Smith v. Pennsylvania Bd. of Prob. & Parole***, 683 A.2d 278, 281 (Pa. 1996). Presently, the record indicates that the notice of appeal was postmarked on September 12. The notice of appeal contains a hand notation by Appellant indicating that he initiated the procedure of having the appeal delivered through the prison system on September 8, the day the appeal was due. Due to the short discrepancy between the hand notation and postmarking, we accept that Appellant delivered the document for filing on September 7 and deem the notice of appeal as timely filed under the prisoner mailbox rule.

The PCRA court issued an opinion in *lieu* of requiring a Pa.R.A.P. 1925(b) statement. Appellant's brief is difficult to read and is noncompliant with the rules governing appellate briefs as, among other defects, it neglects to include a statement of questions presented. We have gleaned the following issues, taken from his headings:

Did the [PCRA court] abuse his authority, discretion, violate his oath of office, the rules of professional conduct, code of ethics, thus violating [Appellant]'s United States, Federal, and Pennsylvania constitutional, and due process rights?

Did [the PCRA court] improperly, and unreasonably dismiss, and deny [Appellant]'s [PCRA] appeal as untimely when there was no opposition from the Commonwealth, *i.e.* the district attorney, and the [PCRA] was clearly timely filed by Judge Tucker's own admission?

Did [the PCRA court] error in dismissing, and denying [Appellant]'s [PCRA] appeal based on inaccurate, and false information?

Mandatory life without parole, terms for adults in non-homicide, and homicide cases violates state, and federal equal protection clauses, as well as article 7 of the universal declaration of human rights.

Did [the PCRA court] [err] in not finding [Appellant] fit into a subclass of those defined as juvenile, thus entitling him to the same equal protection as his minor counterparts according to the Pennsylvania Constitution, and common law definitions mandating the same treatment?

Appellant's brief.

We apply the following principles. Our standard of review

examines "whether the PCRA court's determination is supported by the evidence of record and free of legal error. We grant great deference to the PCRA court's findings, and we will not disturb those findings unless they are unsupported by the certified record." ***Commonwealth v. Holt***, 175 A.3d 1014, 1017 (Pa.Super. 2017) (citation omitted). A PCRA petition must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). "This time constraint is jurisdictional in nature, and is not subject to tolling or other equitable considerations." ***Commonwealth v. Spotz***, ––– Pa. ––––, 171 A.3d 675, 678 (2017) (citation omitted). The time bar can "only be overcome by satisfaction of one of the three statutory exceptions codified at 42 Pa.C.S. § 9545(b)(1)(i)–(iii)." ***Id.*** "Questions regarding the scope of the statutory

- 5 -

exceptions to the PCRA's jurisdictional time-bar raise questions of law; accordingly, our standard of review is *de novo*." **Commonwealth v. Chester**, 586 Pa. 468, 895 A.2d 520, 522 n.1 (2006).

**Commonwealth v. Robinson**, 2018 WL 2041425, at *2 (Pa.Super. May 2, 2018) (*en banc*).

As Appellant's judgment of sentence became final long ago, he was required to establish that an exception to the PCRA's one-year time bar applied. These exceptions are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Additionally, we note that in **Commonwealth v. Montgomery**, 181 A.3d 359 (Pa.Super. 2018) (*en banc*), we held that PCRA courts are not jurisdictionally barred from considering serial PCRA petitions, provided that there is not a pending appeal of a PCRA petition. Herein, the PCRA court disposed of several PCRA petitions in one overarching order, which is permitted by our *en banc* decision in **Montgomery**. We discern three

separate petitions: first, the motion for fraud; second, the ***Miller*** petition; and third, the ***Montgomery v. Louisiana*** petition.

Having set forth these points, we now address Appellant's arguments. Appellant's brief is difficult to decipher, but his primary complaints are that (1) the PCRA court acted improperly by denying his petition, since the Commonwealth did not file a response, and (2) he is entitled to relief under ***Miller***/***Montgomery***.

Appellant repeatedly argues that the PCRA court "improperly played the role of the District Attorney [by] research[ing]" his PCRA petitions. Appellant's brief at 4. However, Appellant fails to recognize that Pa.R.Crim.P. 906(A) explicitly states that "an answer to a petition for post-conviction collateral relief is not required unless ordered by the judge." The PCRA court saw no need to order a response in light of well-settled law, and Appellant's assumption that the PCRA court is obliged to grant relief in the absence of opposition by the Commonwealth is simply incorrect. Therefore, all of his complaints regarding the PCRA court's purported interference are meritless.

The remaining assertions all concern his ***Miller*** claim.[3] Appellant correctly notes that he filed for relief under both ***Miller*** and ***Montgomery***

_____

[3] To the extent that the "motion for fraud" petition is at issue, Appellant has failed to establish any exception to the PCRA's one-year time bar. Indeed,
*(Footnote Continued Next Page)*

- 7 -

by filing a PCRA petition within sixty days of their respective decisions. However, the *Miller* holding, which must be given effect pursuant to *Montgomery*, simply does not apply to him. Appellant insists that "minors are no less entitled to special considerations than their juvenile (subclass) counterparts, particularly where age is not a statutory factor." Appellants brief at 14. As we have repeatedly stated, this is simply an argument that *Miller*'s holding **should** extend to persons who were over the age of eighteen. That claim does not satisfy the PCRA's one-year time bar limitation.

> Here, if Appellant's petition actually presented a valid claim under *Miller v. Alabama*, Appellant would have met that 60-day deadline because *Miller* was decided on June 25, 2012, and Appellant filed his PCRA petition less than 60 days later, on August 8, 2012. *See generally Commonwealth v. Secreti*, 134 A.3d 77, 82 (Pa.Super.2016). But even though he filed within 60 days of the *Miller* decision, Appellant's petition did not satisfy the jurisdictional requirements of Section 9545 because the petition did not present a claim falling within the ambit of the

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

he insists that his allegation was not subject to the PCRA and that he was absolutely entitled to a hearing:

> Also Judge Tucker brings up the fact that a claim of "Fraud on the Court" was made/claimed which he improperly included in a P.C.R.A. when a claim of "Fraud on the Court" is deemed as an independent action and can be raised at any time, and not subject to the time-bar wherefore Judge Tucker had an obligation to hold a hearing to determine whether Fr[au]d was commit[t]ed on this Honorable Court, therefore [Appellant] is enti[t]led to relief in the form of a hearing to determine whether Fraud was in Fact committed.

Appellant's brief at 3. This woefully undeveloped claim affords no relief.

- 8 -

Supreme Court's decision in **Miller** and therefore does not fall under the "newly recognized constitutional right" exception in Section 9545(b)(1)(iii).

The **Miller** decision applies to only those defendants who were "under the age of 18 at the time of their crimes." 132 S.Ct. at 2460. Both Appellant's PCRA petition and his appellate brief acknowledge that Appellant "was 19 years old at the time of his offenses." In this regard, the PCRA court noted that Appellant's birth date is December 3, 1968, and the murder occurred on August 28, 1988, "making him nineteen years old on the date of the murder." The PCRA court therefore concluded that Appellant's "reliance on the **Miller** case for relief is misplaced" because Appellant, "[b]y his own admission, was nineteen years old when he committed the crime." We agree.

Appellant argues that he nevertheless may invoke **Miller** because he was a "technical juvenile," and he relies on neuroscientific theories regarding immature brain development to support his claim that he is eligible for relief. But, rather than presenting an argument that is within the scope of the **Miller** decision, this argument by Appellant seeks an **extension** of **Miller** to persons convicted of murder who were older at the time of their crimes than the class of defendants subject to the **Miller** holding.

We rejected reliance on this same argument for purposes of Section 9545(b)(1)(iii) in **Commonwealth v. Cintora**, 69 A.3d 759 (Pa.Super.2013). The defendants in **Cintora** were 19 and 21 years old at the times of their crimes, but they argued that **Miller** should apply to them and others "whose brains were not fully developed at the time of their crimes." **Id.** at 764. We stated that "[a] contention that a newly-recognized constitutional right **should** be extended to others does not render [a] petition [seeking such an expansion of the right] timely pursuant to section 9545(b)(1)(iii)." **Id.** (emphasis in original).

**Commonwealth v. Furgess**, 149 A.3d 90, 93–94 (Pa.Super. 2016) (some citations omitted).

Accordingly, Appellant's claim that he was a technical juvenile does not satisfy the PCRA's one-year time bar, as **Miller** does not apply to Appellant. Therefore, the PCRA court correctly dismissed the petition.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 8/17/2018*